**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF MARYLAND**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**Anand Chavakula**

   *Plaintiff,*

**JURY TRIAL DEMANDED**

  *v.*

**Christian Heritage Broadcasting, Inc.**

   *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

   FILED   ENTERED
   LODGED  RECEIVED

DEC 2 8 2021

   AT BALTIMORE
CLERK U.S. DISTRICT COURT
  DISTRICT OF MARYLAND
BY      DEPUTY

Plaintiff Anand Chavakula ("Mr. Chavakula"), for its Complaint against Defendant Christian Heritage Broadcasting, Inc.("Defendant"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## INTRODUCTION

1. This is an action for infringement of Mr. Chavakula's famous trademark PRAISELIVE under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the

1

Lanham Act, 15 U.S.C. § 1125(c), and for substantial and related claims of trademark infringement and unfair competition through confusion and misappropriation under the common laws of the State of Maryland, all arising from the Defendant's unauthorized use of the mark PRAISELIVE in connection with the creation, distribution, marketing, advertising, promotion, offering for sale, and sale of Defendant's christian audio and video goods and services provided and broadcast over the internet and radio.

2.   This action seeks a temporary restraining order, preliminary and permanent injunctive relief, and damages arising from Defendant's intentional infringement, copying, and passing off of Mr. Chavakula's renowned and highly acclaimed products, services, and associated trademarks as well as cancellation of Defendant's registered trademark.

## JURISDICTION

3.   This court has jurisdiction over this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 over all state law claims derived from a common nucleus of operative fact.

**VENUE**

4.   Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a
     substantial part of the events or omissions giving rise to the claim occurred in
     this district. echo "I will be stamped on top of the page" | enscript -B -f Courier-
     Bold16 -o- | ps2pdf - | pdftk ex-a-praiselive-trademark-registration-
     90196667.pdf stamp - output output.pdf # PARTIES

5.   Mr. Chavakula is an individual who resides at 10702 Cherry Tree Ct.,
     Hyattsville, MD 20783. Mr. Chavakula is a citizen of the United States.
     Mr. Chavakula is a renowned and highly acclaimed provider of christian audio
     and video goods and services that he broadcast over the internet to all 50
     states.

6.   Upon information and belief, Defendant Christian Heritage Broadcasting,
     Inc. is a corporation that is incorporated in Minnesota and has its principal
     place of business at 402 E. Pike Street, Osakis, Minnesota 56360.

**FACTS**

## A. MR. CHAVAKULA AND HIS PRAISELIVE MARK

7.   Mr. Chavakula is a christian minister, content creator, and entrepreneur who
     specializes in creating and distributing christian audio, video, and other
     resources to minister and spread the word of God across the world.

8.   Mr. Chavakula is the owner of valid and subsisting United States Trademark
     Registration No. 6328730 on the Principal Register in the United States Patent
     and Trademark Office for the trademark PRAISELIVE (hereinafter the
     "PRAISELIVE Mark") for "downloadable music files, electronic sheet music,
     and documents featuring song lyrics provided via a website" in International
     Class 009 for "providing a website featuring links to on-line non-downloadable
     music videos; providing on-line non-downloadable videos featuring music, via a
     website" in International Class 041. Attached as Exhibit "A" is a true and
     correct copy of the registration certificate for Mr. Chavakula's United States
     Trademark Registration No. 6328730, which was issued by the United States
     Patent and Trademark Office on 2021 April 20.

9.   Mr. Chavakula is the owner of United States Trademark Application
     No. 88439914 wherein Mr. Chavakula applied to register the trademark
     PRAISELIVE on the Principal Register in the United States Patent and
     Trademark Office for the trademark for "Broadcasting programs via a global
     computer network; Audio broadcasting; Radio broadcasting; Sharing digitized
     music resources like lyrics, audio and video files through a global computer
     network of websites and social media" in International Class 038. Attached as
     Exhibit "B" is a true and correct copy of the application for Mr. Chavakula's
     United States Trademark Application No. 88439914 which was filed with the
     United States Patent and Trademark Office on 2019 May 21.

4

10. Mr. Chavakula has used the PRAISELIVE Mark in commerce throughout the United States in all 50 states continuously since 2009 in connection with the creation, distribution, marketing, advertising and promotion of his religious music, videos, and other resources. Attached hereto as Exhibit C are screenshots of Mr. Chavakula's website, praiselive.com, showing Mr. Chavakula's use of the PRAISELIVE Mark in connection with these goods and services that are offered to all 50 states.

11. As a result of its widespread, continuous, and exclusive use of the PRAISELIVE Mark to identify its goods and services and Mr. Chavakula as their source, Mr. Chavakula owns valid and subsisting federal statutory and common law rights to the PRAISELIVE Mark in all 50 states dating back to when he first started using the mark in 2009.

12. Mr. Chavakula's PRAISELIVE Mark is distinctive to both the consuming public and Mr. Chavakula's trade.

13. Mr. Chavakula has expended substantial time, money, and resources creating, marketing, advertising, and promoting the christian audio and video goods and services provided under the PRAISELIVE Mark including through various media outlets such as FaceBook, YouTube, and Twitter as well as through various churches, events, and word of mouth. During the period from 2009 to 2021 alone, Mr. Chavakula has expended in excess of hundreds US Dollars and

5

hundreds of hours of labor on the creation, marketing, advertising, and promotion of the goods and services sold under the PRAISELIVE Mark.

14. Mr. Chavakula owns and operates a website at https://praiselive.com ("Mr. Chavakula's Website"). Through its website, Mr. Chavakula advertises and promotes its goods and services under the PRAISELIVE MARK.

15. Mr. Chavakula provides the goods and services under the PRAISELIVE Mark via various trade channels that allow Mr. Chavakula to offer his good and services across the globe to witness to as many consumers as possible.

16. Mr. Chavakula offers and provides his goods and services under his PRAISELIVE Mark to all consumers of any age, ethnicity, background, or religion. Mr. Chavakula has developed a strong following from consumers, such as those following on Facebook, YouTube, and those who attend church services. These consumers recognize Mr. Chavakula's Mark to be associated with Mr. Chavakula.

17. The christian audio and video goods and services Mr. Chavakula offers under the PRAISELIVE Mark are of high quality, personally designed, produced, and edited by Mr. Chavakula. As a result of Mr. Chavakula's goods and services being the highest quality and enjoying widespread public acceptance, Mr. Chavakula has built up and now owns extremely valuable goodwill that is symbolized by the mark.

6

18. As a result of Mr. Chavakula's expenditures and efforts, the PRAISELIVE Mark has come to signify the high quality of the goods and services designated by the PRAISELIVE Mark, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Mr. Chavakula.

19. Mr. Chavakula's PRAISELIVE Mark and the goods and services offered thereunder have received significant unsolicited coverage, discussion, views, and likes through various media platforms, including Facebook, Twitter, and YouTube.

20. As a result of its distinctiveness and widespread use and promotion throughout the United States, Mr. Chavakula's PRAISELIVE Mark is a famous trademark within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. 1125(c), and became famous prior to the acts of the Defendant alleged herein.

## B. DEFENDANT'S UNLAWFUL ACTIVITIES

21. Upon information and belief, Defendant is a corporate christian radio ministry that ministers to people throughout the United States and around the world on its FM and HD2 radio stations, online, via its mobile applications available on the Apple app store and the Google Play Store, on social media, and on Smart Speakers (e.g., Alexa).

22. Upon information and belief, Defendant also offers Christian radio ministry that broadcasts on five FM Radio stations in Minnesota, South Dakota, Montana, and Illinois, plus eleven FM stations in Africa and New Zealand as well as numerous radio stations on the internet that broadcast to the entire world.

23. Without Mr. Chavakula's authorization, and upon information and belief, beginning after Mr. Chavakula acquired protectable exclusive rights in its PRAISELIVE Mark in 2009, Defendant adopted and began using its version of a PRAISELIVE Mark (hereinafter, the "Infringing Mark") in US commerce.

24. Defendant is the owner of valid and subsisting United States Trademark Registration No. 5530327 on the Principal Register in the United States Patent and Trademark Office for the trademark PRAISELIVE (the "Infringing Mark") for "[b]roadcasting of radio programmes; Broadcasting programs via a global computer network; Audio broadcasting" in International Class 038. Attached as Exhibit "E" is a true and correct copy of the registration certificate for Defendant's United States Trademark Registration No. 5530327, which was issued by the United States Patent and Trademark Office on 2018 July 30.

25. Upon information and belief, Defendant knowingly and intentionally mislead the USPTO in its application for registration when it declared that it was

8

entitled to the use of the Infringing Mark to the exclusion of all others, knowing

that Mr. Chavakula was the owner of the common law PRAISELIVE mark.

26. Defendant claims it first used the "Infringing Mark" in commerce on 2017 April

19, almost eight years after Mr. Chavakula first started using his PRAISELIVE

Mark.

27. The Infringing Mark adopted and used by Defendant contains the exact same

dominant term–PRAISELIVE–that Mr. Chavakula has been using since 2009

and thus is confusingly similar to Mr. Chavakula's PRAISELIVE Mark.

28. Upon information and belief, Defendant has been engaged in the creation,

broadcasting, distribution, provision, advertising, promotion, offering for sale,

and sale of goods and services using the Infringing Mark throughout the US.

Attached hereto as Exhibit "D" are true and correct screenshots of Defendant's

website, praiselive.org showing Defendant's use of the Infringing Mark.

29. Upon information and belief, the christian audio and video goods and services

Defendant has created, distributed, provided, broadcast, marketed, advertised,

promoted, offered for sale, and sold under the Infringing Mark are the exact

same type of christian audio and video goods and services offered by

Mr. Chavakula under his PRAISELIVE Mark–i.e., broadcasting christian audio

and video programs and providing other christian resources over the internet to

the entire world. Consumers will clearly be confused if two version of the terms

9

"PRAISELIVE" are used to promote, provide, and broadcast over the internet the same christian audio and video goods and services.

30. Upon information and belief, Defendant has created, distributed, provided, marketed, advertised, promoted, offered for sale, and sold its goods and services under the Infringing Mark through the internet, its website praiselive.org, its FM and HD2 radio stations, its mobile applications available on the Apple App Store and the Google Play Store, and social media.

31. Upon information and belief, Defendant has marketed, advertised, and promoted its goods and services under the Infringing Mark through the internet, its website praiselive.org, its FM and HD2 radio stations, online, via its mobile applications available on the Apple app store and the Google Play Store, and on social media.

32. Upon information and belief, Defendant offers and sells its goods and services under the Infringing Mark to the same consumers as targeted by Mr. Chavakula–all consumers of any age, ethnicity, background, or religion. One of the primary goals of both parties is to witness to, spread the good word of God to, and, to that end, provide their christian goods and services to as many people as possible in all 50 states and across the globe.

33. Upon information and belief, the goods and services Defendant offers under the Infringing Mark are different and not designed and created by Mr. Chavakula

and thus fail to satisfy the expectations Mr. Chavakula's expect of his goods and services.

34. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendant's goods and services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's goods and services originate from, are associated or affiliated with, or otherwise authorized by Mr. Chavakula.

35. Defendant's conduct is causing confusion among the consuming public and third parties who observe Defendants' imitations unaware that the lower quality copies offered by Defendants are not authentic PRAISELIVE goods and services. As a result of their willful misconduct, Defendants are causing irreparable harm, damage and dilution to the intellectual property rights owned by Mr. Chavakula, and the invaluable goodwill residing in Mr. Chavakula's marks. Unless enjoined, Defendants will continue their illegal predatory business practices of trading on Mr. Chavakula's protected marks, while underselling Mr. Chavakula through inferior imitation products.

36. Defendant's infringing acts as alleged herein have resulted in actual confusion as evidenced by the examining trademark attorney that issued an office action

11

in Mr. Chavakula's Trademark Application for likelihood to cause confusion with Defendant's Infringing Mark.

37.  Upon information and belief, Defendant's infringing acts are confusing consumers who are searching for Mr. Chavakula's goods and services, diverting consumers looking for Mr. Chavakula's goods, services, and websites to Defendant's goods, services, and website.

38.  Upon information and belief, Defendant's acts are willful with the deliberate intent to trade on the goodwill of Mr. Chavakula's PRAISELIVE Mark, cause confusion and deception in the marketplace, and divert potential consumption of Mr. Chavakula's goods and services to Defendant.

39.  Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Mr. Chavakula and to his valuable reputation and goodwill with the consuming public for which Mr. Chavakula has no adequate remedy at law.

## COUNT ONE–FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1).

39.  Mr. Chavakula repeats and realleges the previous paragraph above, as if fully set forth herein.

40. This claim arises under 15 U.S.C. §1114(1) for infringement of a trademark registered in the United States Patent and Trademark Office.

41. Mr. Chavakula's PRAISELIVE Mark is inherently distinct and has come to identify, in the United States and throughout the world, high quality christian audio and video goods and services originating from Mr. Chavakula.

42. PRAISELIVE has acquired secondary meaning among consumers of christian audio and video goods and services on the internet who associate Mr. Chavakula's PRAISELIVE Mark with high quality products designed, created, produced, marketed, promoted, and offered by Mr. Chavakula.

43. Mr. Chavakula first started using his PRAISELIVE Mark in 2009 and thus first acquired trademark rights in his PRAISELIVE Mark in 2009, expanding his brand and ministry over the years to reach tens of thousands of users in all 50 states and across the globe. Although Mr. Chavakula's PRAISELIVE Mark had already acquired nationwide trademark rights, Mr. Chavakula registered his PRAISELIVE Mark (Registration No. 6328730) on 2021 April 20 to seek additional federal protection for his brand.

44. Defendant, with full knowledge of the fame and reputation of Mr. Chavakula's PRAISELIVE Mark, has intentionally, knowingly, and willfully infringed upon Mr. Chavakula's trademark by creating, promoting, and offering products and services bearing marks confusingly similar to Mr. Chavakula's PRAISELIVE

13

Mark without consent or permission of Mr. Chavakula, to deceive purchasers as to the origin and source of its products.

45. Defendant has displayed, advertised, promoted, and offered inferior christian audio and video products and services that are attempts to copy Mr. Chavakula's original content bearing, or by utilizing, marks confusingly similar to Mr. Chavakula's PRAISELIVE Mark. This content was, in fact, not designed, created, advertised, offered, or distributed by Mr. Chavakula or with Mr. Chavakula's authorization.

46. Defendant first started using the Infringing Mark in 2017–eight years after Mr. Chavakula first started using his PRAISELIVE MARK. Defendant registered its PRAISELIVE Mark on 2018 July 30 (Registration No. 5530327). Defendants use and registration of the PRAISELIVE Mark infringes upon Mr. Chavakula registered mark that has priority dating back to 2009. Mr. Chavakula currently has an ongoing cancellation proceeding against Defendant (Cancellation No. 92071482) and also request this Court cancel Defendant's registration for the Infringing Mark.

47. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are offered,

14

Case 8:21-cv-03295-TDC   Document 1   Filed 12/28/21   Page 15 of 31

authorized, endorsed, or sponsored by Mr. Chavakula, or that Defendant is in some way affiliated with or sponsored by Mr. Chavakula. Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

48. By reason of Defendant's unauthorized use of a marks confusingly similar to Mr. Chavakula's PRAISELIVE trademark in the course of advertising and offering their products, Defendant has infringed upon Mr. Chavakula's rights in the PRAISELIVE trademark.

49. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Mr. Chavakula's prior rights in the PRAISELIVE Mark and with the willful intent to cause confusion and trade on Mr. Chavakula's goodwill.

50. The goodwill and favorable reputation existing in the PRAISELIVE trademark is a valuable asset belonging to Mr. Chavakula. Defendant's conduct is causing immediate and irreparable harm and injury to Mr. Chavakula, and to its goodwill and reputation, and will continue to both damage Mr. Chavakula and confuse the public unless enjoined by this court. Mr. Chavakula has no adequate remedy at law.

51. Defendants' copies of authentic PRAISELIVE content, which have been advertised, promoted and sold under marks confusingly similar to

Mr. Chavakula's PRAISELIVE trademark were and are designed, created, and produced by inferior processes which result in inferior quality products. By marketing, advertising, and selling Defendant's inferior items under a mark confusingly similar to Mr. Chavakula's PRAISELIVE trademark, Defendants have damaged Mr. Chavakula's goodwill and reputation for the designing, creating, and offering high quality christian audio and video products and will continue to damage Mr. Chavakula's reputation unless enjoined.

52. The activities of Defendants complained of herein constitute willful and intentional infringement of Mr. Chavakula's PRAISELIVE trademark; are in total disregard of Mr. Chavakula's rights and were commenced and have continued in spite of Defendant's knowledge that the use of Mr. Chavakula's PRAISELIVE trademark, or a copy or a colorable imitation thereof, was and is in direct contravention of Mr. Chavakula's rights.

53. Mr. Chavakula is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT TWO–FEDERAL UNFAIR COMPETITION VIA FALSE DESIGNATION OF ORIGIN AND FALSE DESCRIPTION UNDER 15 U.S.C § 1125(A).**

54. Mr. Chavakula repeats and realleges paragraphs 1 through the previous paragraph above hereof, as if fully set forth herein.

55. Mr. Chavakula has used the unregistered PRAISELIVE Mark in connection with Mr. Chavakula's christian audio and video products and services since at least 2009. (Exhibit C, Screenshots of Chavakula's Website praiselive.com.).

56. Mr. Chavakula's PRAISELIVE Mark has also acquired secondary meaning among consumers of christian audio and video content who associate Mr. Chavakula's PRAISELIVE Mark with the high quality goods and services designed, created, produced, marketed, offered, and broadcast over the internet by Mr. Chavakula.

57. Defendants, with full knowledge of the fame and reputation of Mr. Chavakula's PRAISELIVE trademark, have intentionally, knowingly and willfully infringed upon the trademark by creating, marketing, and offering products bearing marks confusingly similar to Mr. Chavakula's PRAISELIVE trademark without consent or permission of Mr. Chavakula, in order to deceive purchasers as to the origin and source of its products.

17

58. Defendants have created, marketed, and offered inferior christian audio and video products and services that Defendants broadcast over the internet using the Infringing Mark.

59. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are offered, authorized, endorsed, or sponsored by Mr. Chavakula, or that Defendant is in some way affiliated with or sponsored by Mr. Chavakula.

60. By reason of Defendants' use of marks confusingly similar to Mr. Chavakula's PRAISELIVE trademark, in the course of offering their products and services, without obtaining the authorization of Mr. Chavakula, Defendants have infringed upon Mr. Chavakula's rights in the PRAISELIVE trademark.

61. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

62. Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Mr. Chavakula.

63. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (infringement of unregistered trademarks).

64. Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Mr. Chavakula, including diversion of internet users from Mr. Chavakula's products and services to Defendant's products and services, and to its goodwill and reputation, and will continue to both damage Mr. Chavakula and confuse the public unless enjoined by this court. Mr. Chavakula has no adequate remedy at law.

65. The goodwill and favorable reputation existing in the PRAISELIVE trademark is a valuable asset belonging to Mr. Chavakula. Defendant's conduct is causing immediate and irreparable harm and injury to Mr. Chavakula, and to its goodwill and reputation, and will continue to both damage Mr. Chavakula and confuse the public unless enjoined by this court.

66. Defendants' copies of authentic PRAISELIVE content, which have been advertised, promoted and sold under marks confusingly similar to Mr. Chavakula's PRAISELIVE trademark were and are designed, created, and produced by inferior processes which result in inferior quality products. By marketing, advertising, and selling Defendant's inferior items under a mark confusingly similar to Mr. Chavakula's PRAISELIVE trademark, Defendants

have damaged Mr. Chavakula's goodwill and reputation for the designing, creating, and offering high quality christian audio and video products and will continue to damage Mr. Chavakula's reputation unless enjoined.

67. Mr. Chavakula is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT THREE–FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C).

68. Mr. Chavakula repeats and realleges paragraphs 1 through the previous paragraph above hereof, as if fully set forth herein.

69. Mr. Chavakula's PRAISELIVE Mark is inherently distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), as further evidenced by marketing and advertising under the mark, unsolicited social media attention garnered by the mark, acclaim bestowed upon Mr. Chavakula's christian audio and video content, broadcasting of Mr. Chavakula's christian audio and video content over the internet through various websites, and consumers who have trumpeted the qualities and virtues

20

of the christian audio and video products and services that Mr. Chavakula
broadcast over the internet.

70. Mr. Chavakula's PRAISELIVE Mark has also acquired secondary meaning
among consumers of christian audio and video content who associate
Mr. Chavakula's PRAISELIVE Mark with the high quality products designed,
created, produced, marketed, and offered by Mr. Chavakula.

71. Mr. Chavakula commenced use of the famous PRAISELIVE Mark in 2009.
Mr. Chavakula's PRAISELIVE Mark became distinctive and famous prior to
the Defendant's acts as alleged herein.

72. After Mr. Chavakula established the mark as famous, Defendants, with full
knowledge of the fame and reputation of Mr. Chavakula's PRAISELIVE Mark,
have intentionally diluted and infringed upon the trademark by creating and
offering christian audio and video products bearing marks identical to and
confusingly similar to Mr. Chavakula's PRAISELIVE Mark without the consent
or permission of Mr. Chavakula.

73. Defendant's acts as alleged herein have diluted and will, unless enjoined,
continue to dilute and are likely to dilute the distinctive quality of
Mr. Chavakula's famous PRAISELIVE Mark.

74. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Mr. Chavakula's PRAISELIVE Mark by undermining and damaging the valuable goodwill associated therewith.

75. Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Mr. Chavakula irreparable damage and will, unless enjoined, continue to so damage Mr. Chavakula, which has no adequate remedy at law.

76. Mr. Chavakula is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## COUNT FOUR–TRADEMARK INFRINGEMENT UNDER MARYLAND COMMON LAW.

77. Mr. Chavakula repeats and realleges paragraphs 1 through the previous paragraph above hereof, as if fully set forth herein.

78. Mr. Chavakula brings this action for violation of Maryland common law for trademark infringement.

79. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Mr. Chavakula, or that Defendant is in some way affiliated with or sponsored by Mr. Chavakula. Defendant's conduct therefore constitutes common law trademark infringement in violation of Maryland Law.

80. Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Mr. Chavakula's prior rights in the PRAISELIVE Mark and with the willful intent to cause confusion and trade on Mr. Chavakula's goodwill.

81. Defendant's conduct is causing immediate and irreparable harm and injury to Mr. Chavakula, and to its goodwill and reputation, and will continue to both damage Mr. Chavakula and confuse the public unless enjoined by this court. Mr. Chavakula has no adequate remedy at law.

82. Mr. Chavakula is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Maryland together with prejudgment and post-judgment interest.

23

## COUNT FIVE–UNFAIR COMPETITION VIA CONFUSION AND MISAPPROPRIATION UNDER MARYLAND COMMON LAW.

83. Mr. Chavakula repeats and realleges paragraphs 1 through the previous paragraph above hereof, as if fully set forth herein.

84. Mr. Chavakula brings this action for violation of Maryland common law for unfair competition for confusion and misappropriation.

85. Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to mislead, deceive, and confuse consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods and services, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods and services are sold, authorized, endorsed, or sponsored by Mr. Chavakula, or that Defendant is in some way affiliated with or sponsored by Mr. Chavakula. Defendant's conduct therefore constitutes unfair competition in violation of Maryland Law.

86. Mr. Chavakula and Defendant are direct competitors. Defendant's unauthorized use of the Infringing Mark to divert consumers towards Defendant's website and away from Mr. Chavakula's website misappropriates Mr. Chavakula's time, labor, and resources.

87. Upon information and belief, Defendant has committed the foregoing acts of unfair competition via misappropriation and confusion with full knowledge of

24

Mr. Chavakula's prior rights in the PRAISELIVE Mark and with the willful intent to cause confusion, trade on Mr. Chavakula's goodwill, and misappropriate Mr. Chavakula's time, labor, and resources.

88. Defendant's conduct is causing immediate and irreparable harm and injury to Mr. Chavakula, and to its goodwill and reputation, and will continue to both damage Mr. Chavakula and confuse the public unless enjoined by this court. Mr. Chavakula has no adequate remedy at law.

89. Mr. Chavakula is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Maryland together with prejudgment and post-judgment interest.

## CONCLUSION

**WHEREFORE**, Mr. Chavakula requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) for trademark infringement; and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) for unfair competition via false designation of origin and false descriptions (i.e., trademark infringement of an unregistered mark); and

Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)) for dilution by blurring and tarnishment.

2. That Defendant has violated Maryland common law for unlawful use of Mr. Chavakula's trademark and unfair competition via confusion and misappropriation.

3. Granting an injunction and permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

3.1. creating, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to create, distribute, provide, sell, market, advertise or promote any goods or services bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Mr. Chavakula's PRAISELIVE Mark;

3.2. engaging in any activity that infringes Mr. Chavakula's rights in its PRAISELIVE Mark;

3.3. engaging in any activity constituting unfair competition with Mr. Chavakula;

26

3.4. engaging in any activity that is likely to dilute the distinctiveness of Mr. Chavakula's PRAISELIVE Mark;

3.5. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Mr. Chavakula or (ii) Mr. Chavakula's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

3.6. using or authorizing any third party to use in connection with any business, goods, or services, any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Mr. Chavakula or tend to do so;

3.7. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Infringing Mark or any other mark that infringes or is likely to be confused with Mr. Chavakula's PRAISELIVE Mark, or any goods or services of Mr. Chavakula, or Mr. Chavakula as their source; and

27

3.8. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (3.1) through (3.7).

4.    Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Mr. Chavakula or constitute or are connected with Mr. Chavakula's goods and services.

5.    Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, broadcasting, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Mr. Chavakula's PRAISELIVE Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States that distribute, advertise, broadcast, promote, sell, or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or

28

offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials featuring or bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Mr. Chavakula's PRAISELIVE Mark, and to immediately remove them from public access and view.

6. Directing Defendant to formally abandon with prejudice any and all of its applications to register the Infringing Mark or any mark consisting of, incorporating, or containing Mr. Chavakula's PRAISELIVE Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

7. Directing Defendant to cancel with prejudice any and all of its registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Mr. Chavakula's PRAISELIVE Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

8. Directing, pursuant to Section 37 of the Lanham Act (15 U.S.C. § 1119), the cancellation of US Trademark Mark Registration No. 5530327 and any and all other federal registrations for the Infringing Mark or any mark consisting of, incorporating, or containing Mr. Chavakula's PRAISELIVE Mark or any

counterfeit, copy, confusingly similar variation, or colorable imitation thereof owned or controlled by Defendant.

9.  Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the court and serve upon Mr. Chavakula's counsel within thirty (30) days after service on Defendant of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

10. Awarding Mr. Chavakula an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that Defendant account to and pay over to Mr. Chavakula all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Mr. Chavakula for the damages caused thereby.

12. Awarding Mr. Chavakula punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

13. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Mr. Chavakula its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

14. Awarding Mr. Chavakula interest, including prejudgment and post-judgment interest, on the foregoing sums.

15. Awarding such other and further relief as the Court deems just and proper.

   **Dated**: 2021 December 22

**Respectfully submitted**,

By: /s/Anand Chavakula/
Anand Chavakula
*pro se*
10702 Cherry Tree Ct.
Hyattsville, MD 20783
240.997.6390
maxelar@hotmail.com

## JURY DEMAND

Plaintiff respectfully demands a trial by jury pursuant to Fed. R. Civ. P. 38.

   **Dated**: 2021 December 22

**Respectfully submitted**,

By: /s/Anand Chavakula/
Anand Chavakula
*pro se*
10702 Cherry Tree Ct.
Hyattsville, MD 20783
